THE CITY OF NEWARK, A MUNICIPAL CORPORATION, PROSECUTOR, v. ESSEX COUNTY CIRCUIT COURT ET AL., DEFENDANTS.

Submitted January 17, 1939—Decided June 12, 1939.

Before Brogan, Chief Justice, and Justices Bodine and Heher.

For the prosecutor, *James F. X. O'Brien* (*Vincent J. Casale,* of counsel).

For the defendants, *Hannoch & Lasser* (*Aaron Lasser* and *Harold E. Grotta,* of counsel), *John M. Emery, Joseph Zemel* and *Schotland & Schotland* (*Philip J. Schotland,* of counsel).

Per Curiam.

The first point made is that, in the entry of the order under review, the Circuit Court exceeded its statutory jurisdiction, in that article XX of the Home Rule act of 1917 (*Pamph. L., pp.* 319, 370; *R. S.* 1937, 40:56-1 *et seq.*), as supplemented by chapter 72 of the laws of 1925 (*Pamph. L., p.* 239; *R. S.* 1937, 40:56-58 *et seq.*), does not invest the Circuit Court with power "to decide that the opening of a street is a general improvement and not a local improvement."

More specifically, it is said that article XX of the Home Rule act, *supra,* conferred upon the municipal governing body the authority "to declare and carry on the opening of a new street either as a general or as a local improvement;" that, in the exercise of this power, it had, by section 2 of the ordinance, classified the plaza opening as "a local improvement;"

and that the jurisdiction of the Circuit Court was confined to "one of two things"—the confirmation of the report or the reference of "the same to the said officer or board for revision or correction, not cancellation." We regard this contention as manifestly fallacious.

As pointed out by Judge Porter, paragraph 3 of the supplement adverted to expressly clothes the Circuit Court with jurisdiction to hear "any objection that may be made to such assessment, and, after hearing any matter which may be alleged against the same, the said court shall by rule or order either confirm the said report, or refer the same to the said officer or board for revision or correction, * * *." It is implicit in this provision that, if the assessment be invalid *in toto*, it shall be so declared by the Circuit Court; and, in such a case, "revision or correction" of the assessment necessarily includes its cancellation. The legislature certainly did not intend to limit the jurisdiction of the Circuit Court, where the landowner has appealed, to the correction of excessive assessments. The design plainly was to invest that tribunal with corrective authority where there is no evidence to support an assessment for benefits claimed to be traceable to a local improvement, as well as in the case of an excessive allowance for such benefits. The landowner is entitled to the judgment of the Circuit Court "as to the liability of the land to assessment as well as to the amount * * *." *Breakenridge & Tichenor* v. *Newark*, 95 *N. J. L.* 436; *Kelly* v. *Jersey City*, 6 *N. J. Mis. R.* 461. See, also, *Dean* v. *Paterson*, 68 *N. J. L.* 664; *Davis* v. *Newark*, 54 *Id.* 144, 150; reversed on a ground not pertinent to this inquiry, *Id.* 595; *Quinlan* v. *Cross*, 102 *Id.* 654; *Van Riper* v. *North Plainfield*, 43 *Id.* 349; *Lehigh Valley Railroad Co.* v. *Dover*, 80 *Id.* 63.

This also disposes of the second point, that it was not the function of the Circuit Court to pass upon the legality of the assessment.

Thirdly, it is argued that the Circuit Court did not possess jurisdiction "to declare that the opening of Raymond Plaza West was exclusively a railroad improvement, and that no benefit assessments could be levied therefor."

As we see it, Judge Porter properly resolved this question in the affirmative. The plaza constituted a station "improvement" under an agreement with the railroad company, made pursuant to the authority conferred by chapter 145 of the laws of 1925 (*Pamph. L., p.* 377; *R. S.* 1937, 48:12-79); and it is clear that the legislative purpose was to classify such as a general improvement, to be financed, as respects the share of the municipality, by the levy of a general tax or the issuance of bonds. *Pamph. L.* 1915, *pp.* 98, 100. See *Paterson, &c., Railroad Co.* v. *Town of Belleville,* 120 *N. J. L.* 1. There was evidence to sustain the finding that the improvement, as finally made, was in fact general and not local.

In this view, it is unnecessary to determine whether there was error in the finding that the lands of the defendant-owners received no special or peculiar benefit from the improvement in question. It is to be observed that, in these proceedings, findings of fact on conflicting evidence are not reviewable on *certiorari.* *Dean* v. *Paterson, supra.* See, also, *Van Riper* v. *North Plainfield, supra.*

The order under review is accordingly affirmed, with costs.